Simon, J.
The last will and testament of Abner Robinson deceased, by him executed in the State of Virginia, having been proven and admitted to record by proceedings had before the Circuit Superior Court of law and chancery for Henrico county and the city of Richmond, on the 21st of December, 1842, the same was subsequently ordered to be executed in this State, by the Court of Probates of the parish of Lafourche Interior. The deceased had appointed in his said will several executors, among whom was Joseph W. Tucker, who, having alone complied with the requisites of the law, was duly qualified, and proceeded to act as the sole executor in this State.
Inventories of the property left by the deceased in Louisiana, were made at the request of the plaintiff as executor, in February, March and April, 1843, amounting to very large sums, and the estate was accordingly put under the administration of the plaintiff, in execution of the will of the deceased. The will first directs the payment of the testator’s debts, and after leaving several legacies to individuals therein named, amounting in the aggregate to one hundred and sixty-five thousand dollars, proceeds to say: “ I desire that my Louisiana estate shall be kept together, and not sold until the 1st of January, 1845, and the profits arising therefrom in the mean time applied to the payment of my just debts and legacies, and, as soon after the said first of January, 1845, as practicable, I desire that my home plantation on the La-fourche may be sold for the best price that can be obtained therefor, payable in six equal instalments, &c.” The testator further says : “I desire that Joseph W. Tucker shall have the option of taking my moiety of the estate and the property therein owned jointly by us in Louisiana, as it now stands, at seventy-five thousand dollars, payable in three equal annual instalments from the day of sale without interest, and in case any additional property shall be put on the estate before the sale, one-half of the value of such additional property is to be paid for by him on the same terms in addition to the above price. And if the said Tucker *547 refuses to take my moiety of the estate, on the terms above stated, then I direct my executors to sell the same, and also the rest of my Louisiana property, upon such credit and terms as to them shall seem best calculated to insure a good price.”
It further appears, that the estate was very largely involved at the time of the death of the testator, and that the testamentary executor having rendered an account of his administration be-, fore the Probate Court, the same was homologated on the first of December, 1845, showing yet an indebtedness by the succession, as admitted by the executor, of upwards of two hundred thousand dollars, exclusive of the legacies. The plaintiff was continued in his functions of executor according to law.
The object of the present proceeding instituted by the testamentary executor, on the 20th of January, 1845, is to carry into effect the provision of the will relative to the adjudication to himself, of the property owned jointly by him and the deceased; and, for that purpose, he has caused the attorney appointed to represent the absent heirs to be cited, in order that the rights accruing to him under the will, may be investigated and adjusted contradictorily with the said attorney, who, in answer to the plaintiff’s demand, first pleaded the general issue, and, denying that any portion of the estate except unproductive property can be sold until the whole is sold together at the period pointed out in the will, further averred, that if the estate be not in such condition that the whole property can now be sold in accordance with the wishes of the deceased, neither can the undivided half of the Robinson, and Tucker’s place be delivered to the petitioner on the terms of the will, till said period arrives. This answer was filed after the homologation of the executor’s account.
Experts were appointed to examine the property, ascertain the improvements made thereon since the death of the testator, and appraise its value ; but the Judge, a quo, being of opinion that this proceeding could not be carried on at the suit of the executor, whose interests under the will are adverse to those of the estate, administered principally for the benefit of the creditors and legatees, and in the'absence of said creditors and legatees who are unrepresented in this controversy, and considering that the plaintiff’s demand is premature and urged against a succession and parties not properly represented or notified, dismissed the plaintiff’s demand *548 reserving to him all his rights of action under the will, to be exercised ata proper time ; and from this judgment the plaintiff has appealed.
We are satisfied, that the judgment complained of is correct. Whatever right the plaintiff, who has the testator’s succession under his administration as executor, may hare to exercise for his own benefit under the will, it is clear, that he cannot enforce it against himself as executor, nor can he do it in his said capacity, contradictorily only with the counsel appointed to represent the absent heirs. He represents the succession; that is to say, those who have the greatest interest in its being well and faithfully administered, to wit, the creditors and the legatees ; and it would be strange indeed, if an executor, or any other administrator, were to be permitted during his administration, either to sue himself as representing the succession, or, by becoming the party plaintiff in his said capacity, to litigate and enforce his private rights against the estate, contradictorily with the counsel of the absent heirs, and in the absence of the creditors and legatees. The heirs of the testator have nothing to do with the succession until it is finally liquidated in due course of administration; their rights are merely residuary; the executor must proceed to the sale of the property and to the payment of the debts of the estate, in the same manner as is prescribed for curators of vacant succession, (Civ. Code, art. 1663); and if the heirs can, at any time, take the seisin from the testamentary executor, they cannot do so without offering a sum sufficient to pay the moveable legacies. Civ. Code, art. 1664. Here, the executor claims a part of the succession property under the will; he seeks to divert it from the mass, and to replace its value by the price fixed in the will by the testator; he himself shows, that the estate is greatly involved; that its indebtedness, exclusive of the legacies, amounts to more than two hundred thousand dollars; that for the purpose of liquidating it, he was continued in his functions as executor; that said succession is in a state of insolvency ; and, under such circumstances, it is obvious, that he cannot do any act, except those of administration, or dispose of any of the property by sale or otherwise, without its being done with the consent of the creditors and legatees, or its being ordered by the Probate Court, contradictorily with them. It is true, the testator has fixed the terms of *549 the sale of the property; but if the estate is in a state ofinsolvency, as it appears to be, the law requires in such case, that a meeting of the creditors should be called to deliberate on the most advantageous manner of selling its effects; Civ. Code, art. 1160, el seq.; and surely they would not be bound by the terms fixed by the testator. This shows, that the application of the executor is irregular and intempestive ; that he cannot make it as long as he acts as executor, unless it be with the consent of the interested parties, or contradictorily with them; and that the Judge, a quo, decided correctly in rejecting his demand.
With regard to the other question growing out of the will, the solution of which is one of the bases of the judgment appealed from, it seems that the same reasoning applies to it. The testator has directed his property to be sold, as soon as practicable after the first of January, 1845, and its practicability must necessarily depend upon the situation of the estate, and the requirements of the creditors. They cannot be bound by the dispositions of the will; they have a right to fix their own terms, and to decline to allow the adjudication thereof to be made in the manner pointed out by the testator; and if they think proper, have a right to wait until sufficient revenue is derived from the property to extinguish the outstanding claims against the estate, and to consent, as they have done by not objecting thereto since the institution of this suit, to its continuing to remain under the administration of the executor; and no one else has any right-to complain, as this would seem to be within the object contemplated by the testator.

Judgment ajjirmed.